THE GUPTA FIRM, P.C.
KEVIN K. GUPTA (SBN 246994)
350 10th Avenue, Suite 1000
San Diego, California 92101
Telephone: (619) 972-6544
kevin@gupta-law.com
Attorney for Plaintiff
NICOLE GOLDFARB, an individual

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE GOLDFARB, an individual<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY DELSON, an individual; FULMINARE HOLDINGS, LLC, a limited liability company; EARLY LANDING, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. '26CV6519 LL JLB<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. FALSE ENDORSEMENT/FALSE DESIGNATION OF ORIGIN;**<br>**2. UNAUTHORIZED USE OF NAME AND LIKENESS;**<br>**3. COMMON LAW MISAPPROPRIATION OF LIKENESS;**<br>**4. MISAPPROPRIATION OF TRADE SECRETS;**<br>**5. UNFAIR COMPETITION; AND**<br>**6. FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Nicole Goldfarb, CCC-SLP, COM ("Plaintiff" or "Ms. Goldfarb"), by and through her undersigned counsel, hereby alleges as follows against Defendants Zachary Delson ("Delson"), Fulminare Holdings, LLC ("Fulminare"), Early Landing, LLC ("Early Landing"), and DOES 1 through 10, inclusive (collectively, "Defendants"):

## I. NATURE OF THE ACTION

1. This is an action for false endorsement and false designation of origin under the Lanham Act, unauthorized commercial use of name and likeness, common law misappropriation, misappropriation of trade secrets, unfair competition, and false advertising, arising out of Defendants' unauthorized use and commercial exploitation of Plaintiff Nicole Goldfarb's proprietary clinical materials and her name, identity, and professional reputation in connection with the "Airway Trainer" mobile application.

2. Ms. Goldfarb is a licensed and certified speech-language pathologist and certified orofacial myologist, and is the owner and operator of San Diego Center for Speech & Myofunctional Therapy. Over the course of her clinical career, Ms. Goldfarb created and developed proprietary instructional videos, written exercise instructions, worksheets, exercise sequences, and clinical treatment protocols relating to airway health and myofunctional therapy (collectively, the "Works").

3. Defendants develop, own, operate, and/or market the Airway Trainer mobile application (the "App"), a subscription-based consumer application relating to airway health and sleep apnea that was released on or about January 29, 2025.

4. Without Ms. Goldfarb's knowledge, authorization, or consent, Defendants used and commercially exploited the Works within the App, and used Ms. Goldfarb's name, likeness, and professional identity to represent or imply that she collaborated with, contributed to, sponsored, or endorsed the App, in order to lend clinical credibility to the App and generate subscription revenue.

5. Defendants' conduct has caused, and continues to cause, substantial harm to Ms. Goldfarb, including loss of control over her proprietary clinical materials, harm to her professional

reputation and goodwill, consumer confusion as to her association with the App, and unjust enrichment to Defendants at Ms. Goldfarb's expense.

6. On June 5, 2026, Plaintiff's counsel sent Defendants a written cease-and-desist and litigation-hold letter detailing Defendants' unlawful conduct and demanding, among other things, that Defendants immediately cease all use of the Works and Ms. Goldfarb's name and likeness, suspend operation of the App, preserve all evidence relevant to Ms. Goldfarb's claims, and provide a full accounting of downloads, subscriptions, and revenue associated with the App. Defendants never responded, and have failed to fully remedy the harm caused by their conduct, necessitating this action.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) and 15 U.S.C. § 1121.

8. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants reside in, are headquartered in, and/or conduct substantial and continuous business in this District, and because a substantial part of the acts and omissions complained of herein occurred in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## III. PARTIES

11. Plaintiff Nicole Goldfarb, CCC-SLP, COM, is, and at all relevant times was, an individual residing in San Diego County, California. Ms. Goldfarb is a licensed and certified speech-language pathologist and certified orofacial myologist, and is the owner and operator of San Diego Center for Speech & Myofunctional Therapy.

12. On information and belief, Defendant Zachary Delson is an individual residing in San Diego County, California, and is the developer, operator, and/or marketer of the App, and a member, manager, owner, and/or principal of Defendants Fulminare Holdings, LLC and Early Landing, LLC.

13. On information and belief, Defendant Fulminare Holdings, LLC is a limited liability company organized under the laws of California, with its principal place of business in San Diego County, California.

14. On information and belief, Defendant Early Landing, LLC is a limited liability company organized under the laws of a state presently unknown to Plaintiff, with its principal place of business in San Diego County, California.

15. On information and belief, at all relevant times Delson dominated, controlled, and directed the actions of Fulminare Holdings, LLC and Early Landing, LLC with respect to the development, operation, marketing, and monetization of the App, such that each Defendant

is liable for the acts alleged herein directly and/or as an agent, alter ego, joint tortfeasor, and/or vicariously and contributorily liable for the acts of the other Defendants.

16. Plaintiff is informed and believes, and on that basis alleges, that each Defendant acted as the agent, servant, employee, partner, and/or joint venturer of each of the other Defendants, and in doing the acts alleged herein, was acting within the course and scope of that agency, service, employment, partnership, and/or joint venture, with the knowledge, consent, and ratification of each of the other Defendants. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named defendant is responsible in some manner for the conduct alleged herein and that Plaintiff's damages were proximately caused by that conduct.

## IV. FACTUAL ALLEGATIONS

### A. Ms. Goldfarb's Proprietary Clinical Works

17. In connection with her clinical practice, Ms. Goldfarb created and owns proprietary instructional videos demonstrating myofunctional and airway therapy exercises, together with proprietary written instructions, worksheets, exercise sequences, and treatment protocols comprising the Works. The Works reflect Ms. Goldfarb's confidential clinical judgment, methodologies, and unique treatment approach.

18. Ms. Goldfarb's practice provided certain of the Works to Delson only within the confidential confines of a patient-provider and/or therapeutic relationship, and solely for the

recipient's personal, non-commercial, therapeutic use. Ms. Goldfarb never authorized or otherwise permitted Defendants, or any other person or entity, to commercially exploit the Works. Although Ms. Goldfarb did not personally treat or communicate with Delson, Delson received treatment from another therapist in Ms. Goldfarb's practice. That therapist provided Delson, as a patient, with materials and videos solely for his own therapeutic, at-home use. At least some of these materials were provided through the practice's medical-record and home exercise system, which only patients are authorized to access.

## B. Defendants' Unauthorized Use and Commercial Exploitation of the Works

19. On or about January 29, 2025, Defendants released the App for download through the Apple App Store, Google Play, and/or other digital storefronts.

20. The App incorporates Ms. Goldfarb's proprietary clinical materials and treatment approach, including, without limitation: (a) her instructional videos; (b) her proprietary written exercise instructions, sequences, and worksheets; and (c) her methodologies and treatment protocols.

21. Defendants used and commercially exploited the Works within the App without Ms. Goldfarb's knowledge, authorization, license, or consent.

22. The App is monetized through paid subscriptions, generally priced between $7.99 and $9.99 per month following a free-trial period, and is promoted through app-store listings, social media, and other marketing channels.

23. On information and belief, as of the date of the June 5, 2026 demand letter, the App had achieved more than 8,000 total downloads and generated approximately 700 to 800 user reviews, including a spike of approximately 5,000 downloads within the thirty days

preceding the letter, reflecting substantial and ongoing commercial exploitation of the Works.

24. On information and belief, Defendants have derived, and continue to derive, substantial subscription revenue and other financial benefit from their unauthorized use of the Works and Ms. Goldfarb's name and identity, in an amount to be determined through discovery and the accounting demanded of Defendants.

**C. Defendants' False Endorsement and Unauthorized Use of Ms. Goldfarb's Name and Likeness**

25. The App and its associated marketing materials identify Ms. Goldfarb by name and hold her out as a contributor to the App, including through language substantially similar to: "Thank you to Nicole Goldfarb for exercise videos and guidance." That statement falsely conveys that Ms. Goldfarb knowingly provided exercise videos and clinical guidance to Defendants for use in the App, and that she participated in, sponsored, or approved the App, when in fact she provided no videos, guidance, or other contribution to Defendants for that purpose.

26. The App further links to Ms. Goldfarb's professional biography and otherwise represents or implies that Ms. Goldfarb collaborated with, contributed to, sponsored, or endorsed the App.

27. Ms. Goldfarb has never collaborated with Defendants, licensed or authorized any use of her name, likeness, or identity, or endorsed the App or any Defendant in any capacity.

28. Defendants' use of Ms. Goldfarb's name and identity was, and is, likely to cause, and on information and belief has caused, confusion among consumers as to the source,

sponsorship, affiliation, or approval of the App, and was undertaken by Defendants for commercial advantage.

## D. Risk of Consumer Confusion and Harm

29. The App provides guidance relating to airway health, sleep apnea, and other clinical topics, while simultaneously trading on Ms. Goldfarb's name, credentials, and professional reputation, creating a substantial risk that consumers will mistakenly believe the App's content has been reviewed, approved, or provided under Ms. Goldfarb's clinical supervision or endorsement. Such confusion has already occurred. On at least one occasion, a rideshare driver told Ms. Goldfarb that he was using the App and, associating her with the App, remarked, "It's so great to meet you!"

## E. Pre-Suit Demand and Defendants' Failure to Cure

30. On June 5, 2026, Plaintiff's counsel sent Defendants a written notice and demand letter identifying Defendants' unlawful conduct and demanding, among other things, that Defendants (a) immediately cease and desist from all use of the Works and Ms. Goldfarb's name and likeness; (b) suspend all monetization, marketing, and operation of the App pending resolution; (c) preserve all evidence relevant to Ms. Goldfarb's claims; (d) provide a full accounting of downloads, subscriptions, revenue, and related monetization; (e) identify all persons and entities involved in the development, ownership, hosting, marketing, distribution, and monetization of the App; and (f) return and certify the removal of all copies of the Works in Defendants' possession, custody, or control.

31. Defendants did not respond to this notice and demand letter.

32. As a direct and proximate result of Defendants' conduct, Ms. Goldfarb has suffered, and continues to suffer, irreparable harm, including harm to her professional reputation and goodwill, for which she has no adequate remedy at law, as well as economic damages in an amount to be proven at trial.

## V. FIRST CLAIM FOR RELIEF

### False Endorsement / False Designation of Origin (15 U.S.C. § 1125(a))

### (Against All Defendants)

33. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

34. Ms. Goldfarb owns a valuable and protectable interest in her name, likeness, and professional identity, developed through years of clinical practice and her professional reputation as a speech-language pathologist and certified orofacial myologist.

35. Defendants' use of Ms. Goldfarb's name and identity in connection with the App and its marketing constitutes a false designation of origin and/or a false or misleading representation of fact likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Ms. Goldfarb with Defendants and the App, and/or as to the sponsorship or approval by Ms. Goldfarb of the App, in violation of 15 U.S.C. § 1125(a)(1)(A).

36. Defendants' conduct was undertaken in interstate commerce and in connection with goods and/or services offered by Defendants.

37. Defendants' conduct was willful and undertaken with the intent to trade on Ms. Goldfarb's professional reputation and goodwill for commercial advantage.

38. As a direct and proximate result of Defendants' conduct, Ms. Goldfarb has suffered damages in an amount to be proven at trial, and Defendants have been unjustly enriched. Ms. Goldfarb is further entitled to injunctive relief and to her reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) based on the exceptional nature of this case.

## VI. SECOND CLAIM FOR RELIEF

### Unauthorized Use of Name and Likeness (Cal. Civ. Code § 3344)

### (Against All Defendants)

39. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

40. Defendants knowingly used Ms. Goldfarb's name and identity on or in products, merchandise, or goods, and/or in connection with the advertising or selling of products, merchandise, goods, or services, without Ms. Goldfarb's prior consent.

41. Defendants' use of Ms. Goldfarb's name and identity was directly connected to Defendants' commercial purpose of marketing and monetizing the App.

42. As a direct and proximate result of Defendants' conduct, Ms. Goldfarb has suffered damages in an amount to be proven at trial. Ms. Goldfarb is entitled to the greater of $750 or her actual damages, together with Defendants' profits attributable to the unauthorized use not taken into account in computing actual damages, punitive damages, and reasonable attorneys' fees and costs, pursuant to Cal. Civ. Code § 3344(a).

## VII. THIRD CLAIM FOR RELIEF

### Common Law Misappropriation of Likeness

### (Against All Defendants)

43. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

44. Defendants appropriated Ms. Goldfarb's name and likeness to Defendants' advantage, commercial or otherwise.

45. Ms. Goldfarb did not consent to Defendants' use of her name or likeness.

46. Ms. Goldfarb has suffered injury as a result of Defendants' unauthorized use, including injury to her professional reputation and loss of the commercial value of her identity.

47. As a direct and proximate result of Defendants' conduct, Ms. Goldfarb has suffered damages in an amount to be proven at trial.

## VIII. FOURTH CLAIM FOR RELIEF

### Misappropriation of Trade Secrets (Cal. Civ. Code §§ 3426–3426.11)

### (Against All Defendants)

48. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

49. The Works, and/or certain elements thereof, including Ms. Goldfarb's proprietary treatment protocols, methodologies, and unpublished clinical materials, derive independent economic value from not being generally known to, and not being readily ascertainable by proper

means by, other persons who can obtain economic value from their disclosure or use, and constitute trade secrets under Cal. Civ. Code § 3426.1(d).

50. Ms. Goldfarb took reasonable measures to maintain the secrecy of these materials, including limiting their disclosure to the confidential confines of the patient-provider and therapeutic relationship, providing certain of them only through a medical-record and home exercise system that only patients are authorized to access, and permitting their use for personal, non-commercial, therapeutic purposes only.

51. On information and belief, Defendants acquired Ms. Goldfarb's trade secrets by improper means, and/or knew or had reason to know that the trade secrets were acquired by improper means or under circumstances giving rise to a duty to maintain their secrecy or limit their use, including Delson's receipt of the materials as a patient solely for his personal, non-commercial, therapeutic use, and disclosed and used those trade secrets without Ms. Goldfarb's consent.

52. Defendants' misappropriation was willful and malicious.

53. As a direct and proximate result of Defendants' misappropriation, Ms. Goldfarb has suffered damages in an amount to be proven at trial, and Defendants have been unjustly enriched. Ms. Goldfarb is further entitled to exemplary damages and reasonable attorneys' fees pursuant to Cal. Civ. Code §§ 3426.3 and 3426.4, and to injunctive relief pursuant to Cal. Civ. Code § 3426.2.

## IX. FIFTH CLAIM FOR RELIEF

**Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.)**

**(Against All Defendants)**

54. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

55. Defendants' conduct as alleged herein constitutes unlawful, unfair, and/or fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200 et seq., including but not limited to Defendants' violations of the Lanham Act and Cal. Civ. Code § 3344, each as alleged above.

56. Defendants' conduct is also unfair and fraudulent in that it is likely to deceive members of the public into believing that Ms. Goldfarb sponsored, endorsed, or contributed to the App.

57. As a direct and proximate result of Defendants' unfair business practices, Ms. Goldfarb has suffered injury in fact and has lost money or property, and Defendants have been unjustly enriched.

58. Ms. Goldfarb is entitled to restitution and disgorgement of Defendants' ill-gotten gains, and to injunctive relief enjoining Defendants' continued unlawful, unfair, and fraudulent conduct, pursuant to Cal. Bus. & Prof. Code § 17203.

## X. SIXTH CLAIM FOR RELIEF

**False Advertising (Cal. Bus. & Prof. Code § 17500 et seq.)**

**(Against All Defendants)**

59. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

60. Defendants disseminated, or caused to be disseminated, statements in the App and its marketing materials concerning Ms. Goldfarb's involvement with, endorsement of, and

contribution to the App that Defendants knew, or by the exercise of reasonable care should have known, were untrue or misleading.

61. Defendants' statements were made with the intent to induce consumers to purchase App subscriptions.

62. As a direct and proximate result of Defendants' false advertising, Ms. Goldfarb has suffered injury in fact and has lost money or property, and members of the public have been, and are likely to continue to be, deceived.

63. Ms. Goldfarb is entitled to restitution, disgorgement, and injunctive relief pursuant to Cal. Bus. & Prof. Code § 17535.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicole Goldfarb respectfully requests that this Court enter judgment in her favor and against Defendants, and each of them, jointly and severally, as follows:

A. For a permanent injunction enjoining Defendants, and their officers, agents, servants, employees, and all persons acting in concert with them, from further use or exploitation of the Works, and from further use of Ms. Goldfarb's name, likeness, or identity without her express written consent;

B. For damages pursuant to 15 U.S.C. § 1125(a) and, if warranted, an accounting of Defendants' profits and enhanced/treble damages pursuant to 15 U.S.C. § 1117;

C. For damages pursuant to Cal. Civ. Code § 3344, including the greater of statutory damages of $750 or actual damages, Defendants' profits, and punitive damages;

D. For damages for common law misappropriation of likeness, including punitive damages;

E. For damages, exemplary damages, and injunctive relief pursuant to Cal. Civ. Code §§ 3426.2, 3426.3, and 3426.4;

F. For restitution and disgorgement of Defendants' ill-gotten gains pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17535;

G. For pre-judgment and post-judgment interest as allowed by law;

H. For reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a), Cal. Civ. Code §§ 3344(a) and 3426.4, and as otherwise allowed by law; and

I. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Date: _October 6, 2026__

**THE GUPTA FIRM, P.C.**

By: *Kevin K. Gupta, Esq.*
Kevin K. Gupta, Esq., attorney for Plaintiff
NICOLE GOLDFARB